UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

AMANDA TURNER, individually
and on Behalf of Others
similarly situated,

      Plaintiffs,

  vs.                                            Case No. 1:23-cv-233
                                                     Hon. Paul L. Maloney

LIVING ALTERNATIVES FOR THE
DEVELOPMENTALLY DISABLED, INC.,

      Defendant.

_____

## STIPULATED ORDER APPROVING
## FLSA SETTLEMENT AND DISMISSING CASE

      This matter is before the Court on the Parties' submission of the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached hereto as **Exhibit 1**.

      1.    Having reviewed the Parties' Agreement, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement, including the proposed Service Award, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as a fair and reasonable resolution of this lawsuit.

      2.    The captioned action asserts unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, on behalf of non-exempt employees of Defendant, Living Alternatives for the Developmentally Disabled, Inc. (hereinafter, "Defendant").

      3.    On March 7, 2023, representative Plaintiff Amanda Turner filed this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff initiated this action on behalf of herself and all other persons similarly situated, seeking damages

for alleged violations of the FLSA (hereinafter referred to as "Plaintiffs' Lawsuit").  *See* ECF No. 1.  In general, Plaintiffs claim that Defendant failed to properly calculate its employees' regular rate of pay for purposes of determining proper overtime rates under the FLSA. Defendant denies the claims brought by Plaintiffs.

4. After engaging in written discovery, including the production of complete payroll records for all hourly employees from all of Defendant's locations, the parties agreed to participate in mediation with a third-party mediator. *See* ECF No. 35.

5. Mediation took place on February 20, 2024.  During mediation, the Parties mutually and voluntarily agreed to a settlement of the Lawsuit as a collective action. See ECF No. 41.

6. The Settlement will cover the representative Plaintiff and all of the Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments. There are approximately 78 Eligible Employees.

7. The Agreement provides that, in consideration of the Gross Settlement Amount, the claims of the representative Plaintiff and Eligible Employees who deposit and/or cash their Individual Settlement Payments will be dismissed with prejudice.

8. "The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, 2023 WL 8440262, at *1 (E.D. Tenn. Dec. 5, 2023) (*comparing, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required) *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no Court approval of attorneys' fees required).

9. A growing number of district courts in other circuits have recently analyzed with more scrutiny whether court-approval of FLSA settlements is required, and many have concluded that approval is not required. *See e.g.*, *Corbett v. Pub. Employees' Ret. Sys.*, 2024 WL 518895 (D. Nev. Feb. 9, 2024) ("Rule 41(a)(1)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same."); *Walker v. Marathon Petroleum Corp.*, 2023 WL 4837018 (W.D. Pa. July 28, 2023) (judicial approval is not required for settlement of a bona-fide wage dispute under the FLSA, for either a single plaintiff agreement or a collective action agreement); *Evans v. Centurion Managed Care of Arizona LLC*, 2023 WL 5095201 (D. Ariz. Aug. 9, 2023); *Regalado v. Albuquerque Mail Serv., Inc.*, 2023 WL 3649001 (D. N.M. May 25, 2023); *Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022).

10. The Sixth Circuit has not decided the issue. Some district courts in this Circuit recently reached the same persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022) (no Court approval required); *see also Reed v. M3K, LLC*, 2023 WL 8440262 (E.D. Tenn. Dec. 5, 2023) (same). But other courts in this district, including this Court, have historically found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g., Downard v. Reno's, Inc.*, Case No. 16-cv-927 (W.D. Mich., ECF No. 63) (J. Maloney). Until the Sixth Circuit addresses the issue, out of an abundance of caution, the Court reviewed the Parties' Agreement.

11. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' Counsel retained a third-party expert to assist with damage calculations. The Court finds that the Settlement resulted

from arms'-length negotiations (through a third-party neutral mediator) between experienced counsel after substantial investigation and analysis. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the representative Plaintiff and Eligible Employees. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience in handling similar cases.

12. The Court approves the Agreement, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the Settlement as to the representative Plaintiff and all Eligible Employees who elect to participate in the Settlement by negotiating their settlement check.

13. The Court approves the Service Award to representative Plaintiff Amanda Turner in recognition of her service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

14. The Court approves the payment of attorneys' fees and cost reimbursement to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. Plaintiff's Lawsuit is dismissed with prejudice.

16. The Court retains jurisdiction over the action to enforce the Settlement, including settlement administration, and to later dismiss the case after the settlement payment distribution process has completed.

**SO ORDERED.**

Date:_____                    _____
                                        Honorable Paul L. Maloney
                                        United States District Court Judge

APPROVED AS TO FORM AND CONTENT:

*/s/ Jesse L. Young*                    */s/ Dale A. Robinson*
Jesse L. Young (P72614)                 Dale A. Robinson (P55522)
SOMMERS SCHWARTZ, P.C.                  SULLIVAN, WARD, PATTON,
Attorneys for Plaintiff                 GLEESON & FELTY, P.C.
                                        Attorneys for Defendant
Dated:  March 13, 2024